Adam Rose (210880)
adam@frontierlawcenter.com
Manny Starr (319778)
manny@frontierlawcenter.com
Frontier Law Center
23901 Calabasas Road, #1084
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

Attorney for Plaintiff
Kyle Roberts

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE ROBERTS, on his own behalf and all similarly situated individuals,<br><br>                     Plaintiff,<br>         v.<br><br>PROPAK LOGISTICS, LLC, and DOES 1 to 100,<br><br>                     Defendants. | NO. 2:23-cv-00008-DJC-JDP<br>CLASS ACTION<br><br>FIRST AMENDED COMPLAINT<br>1. Minimum Wage Violations<br>2. Overtime Violations<br>3. Meal Period Violations<br>4. Rest Period Violations<br>5. Wage Statement Penalties<br>6. Waiting Time Penalties<br>7. Violation of Unfair Competition Law<br>8. PAGA Penalties |

PRELIMINARY ALLEGATIONS

1. The court has jurisdiction under the Class Action Fairness Act, 28 USC § 1332(d).

2. Plaintiff Kyle Roberts is a resident of Tehama County.

3. Defendant Propak Logistics, LLC is an Arkansas corporation that is authorized to do business in California.

4. Plaintiff does not know the true names and capacities of Does 1 to 100 and therefore use fictitious names. Plaintiff will amend the complaint pursuant to Code of Civil Procedure section 474 to allege the true names and capacities when ascertained.

5. The named and Doe defendants are collectively referred to as Defendants.

6. Plaintiffs are informed and believe that each of the Defendants was the agent or employee of the other defendants and acted in the scope of agency or employment.

-1-
FIRST AMENDED COMPLAINT

7.      Defendants provide logistics and transportation services.

8.      Plaintiff's work for Defendants took place at the Walmart Distribution Center in Red Bluff, therefore venue is proper in Tehama County.

9.      Defendants employed Plaintiff and the class members as nonexempt workers; Plaintiff worked performing event services and parking management.

10.     Plaintiff worked for Defendants from April 2022 to August 2023

11.     Defendants were joint employers of the class members since all Defendants exercise control over the class members' working conditions.

12.     Plaintiff and the class members were not exempt since they did not customarily and regularly exercise discretion and independent judgment.

13.     Throughout Plaintiff's and the class members' employment, they did not receive compliant meal and rest periods since they were interrupted and had to remain on premises.

14.     Further, Plaintiff and the class members were not paid for work performed off the clock since they had to go through unpaid security checkpoints.

15.     On November 28, 2023 Plaintiff sent a PAGA letter to Propak Logistics, LLC and uploaded the letter to the LWDA website. Since it has been more than 65 days, Plaintiff may now include PAGA allegations.

## CLASS ACTION ALLEGATIONS

16.     The class is defined as the following: "All non-exempt employees who worked for Defendants in California as from four years prior to filing the case to the date of certification or judgment, whichever is earlier."

17.     There is a well-defined community of interest, and the proposed class is ascertainable from Defendants' employment records. Further, the following apply to show the viability of a class action pursuant to Code of Civil Procedure section 382:

   a. <u>Numerosity</u>: The members of the class as defined are so numerous that joinder of all class members is impracticable.

   b. <u>Commonality</u>: This action involves common questions of law and fact to the

        class because the action focuses on Defendants' systematic course of conduct with respect to violating the Labor Code and IWC Wage Order.

    c. <u>Typicality</u>: The claims are typical of the claims of the class. Plaintiff was subjected to the same violations and seeks the same types of damages, restitution, and other relief on the same as those of the members of the class.

    d. <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately represent and protect the interests of the class. Plaintiff understands the obligations as a class representative and is willing and able to fulfill them. Plaintiff's counsel is competent and experienced in litigating large employment class actions and complex litigation matters, including wage and hour cases like this.

    e. <u>Superiority of Class Action</u>: A class action is superior to other available means for efficient adjudication. Class action treatment will allow similarly situated persons to pursue the claims in a manner that is most efficient and economical.

18. There are common questions of law and fact including but not limited to:

    a. Whether Defendants did not pay overtime at the correct regular rate in violation of Labor code sections 510 and 1194;

    b. Whether Defendants violated Labor Code sections 510 and 1194 for not paying at least the minimum wage for work off the clock;

    c. Whether Defendants violated Labor Code section 512 and the applicable Wage Order by not providing meal breaks;

    d. Whether Defendants violated the applicable Wage Order for not providing rest breaks;

    e. Whether Defendants violated Labor Code section 226 by providing inaccurate wage statements;

    f. Whether Defendants violated Labor Code section 226.7 by not paying premium pay for missed meal and rest breaks;

    g. Whether waiting time penalties apply;

    h. Whether Defendants engaged in unfair competition; and

1          i.   The amount of damages, wages, and penalties owed.

## FIRST CAUSE OF ACTION
### Minimum Wage Violations
### Against All Defendants

19. Plaintiff incorporates by reference paragraphs 1 to 18 of the complaint.
20. Plaintiff and the class members were not paid for all hours worked.
21. Therefore Plaintiff and the class members are owed payment for unpaid wages and interest.
22. Also, statutory attorney fees apply.

## SECOND CAUSE OF ACTION
### Overtime Violations
### Against All Defendants

23. Plaintiff incorporates by reference paragraphs 1 to 18 of the complaint.
24. Plaintiff and the class members were required to work over eight hours in a day and/or 40 hours in a week without being compensated for all overtime in violation of Labor Code 510.
25. Plaintiff and the class members should have received overtime at the correct regular rate of pay for the overtime work but were not paid overtime at the correct regular rate of pay, since Defendants did not include earned bonuses in the regular rate.
26. The remedy for the overtime violations is payment of the unpaid overtime at the correct regular rate of pay, plus interest and attorney fees, pursuant to Labor Code section 1194.

## THIRD CAUSE OF ACTION
### Meal Period Violations
### Against All Defendants

27. Plaintiff incorporates by reference paragraphs 1 to 18 of the complaint.
287. Pursuant to the applicable Wage Order, every employer shall authorize and permit employees to take meal periods of thirty minutes for every five hours worked.

29. Pursuant to Labor Code section 226.7(c) and IWC Wage Order 4, when the employer does not provide an employee with the required meal period, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a rest period is not provided.

30. Plaintiff and the class members were denied meal periods as meal periods were either not provided or were on-duty.

31. As a result of Defendants' meal period violations, Plaintiff and the class members are entitled to premium pay which is one additional hour of compensation for each missed break at the correct regular rate.

### FOURTH CAUSE OF ACTION

Rest Period Violations

Against All Defendants

32. Plaintiff incorporates by reference paragraphs 1 to 18 of the complaint.

33. Pursuant to the applicable Wage Order every employer shall authorize and permit employees to take rest periods of ten minutes for every four hours worked.

34. Pursuant to Labor Code section 226.7(c) and the applicable Wage Order, when the employer does not provide an employee with the required rest period, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation.

35. Plaintiff and the class members were denied rest periods as rest periods were not provided or were on-duty.

36. As a result of Defendants' rest period violations, Plaintiff and the class members are entitled to premium pay which is one additional hour of compensation for each missed break at the correct regular rate.

///
///
///
///

## FIFTH CAUSE OF ACTION

### Wage Statement Penalties

### Against All Defendants

37. Plaintiff incorporates by reference paragraphs 1 to 18 of the complaint.

38. Defendants' wage statements issued to Plaintiff and the class members violated Labor Code section 226 since they intentionally did not list premium pay for missed breaks at the regular rate and overtime at the correct regular rate.

39. As a result, Plaintiff and the class members are entitled to wage statement penalties up to $4,000 each and attorney fees.

## SIXTH CAUSE OF ACTION

### Waiting Time Penalties

### Against All Defendants

40. Plaintiff incorporates by reference paragraphs 1 to 18 of the complaint.

41. Plaintiff and the class members who no longer work for Defendants were willfully not paid wages that were still owed after they stopped working for Defendants.

42. Therefore Plaintiff and the class members who no longer work for Defendants are owed waiting time penalties under Labor Code section 203, which are 30 days of wages each.

## SEVENTH CAUSE OF ACTION

### Violation of Unfair Competition Law

### Against All Defendants

43. Plaintiff incorporates by reference paragraphs 1 to 18 of the complaint.

44. The Unfair Competition Law prohibits unfair, unlawful, and fraudulent business practices.

45. This claim is being brought under the unlawful prong of the UCL.

46. Defendants violated the Labor Code and IWC Wage Order by not paying all wages due, including overtime and premium pay at the correct regular rate.

47. Plaintiff and the class members are entitled to restitution for the above.

48. Under Code of Civil Procedure section 1021.5, Plaintiff is entitled to attorney fees.

### EIGHTH CAUSE OF ACTION
### PAGA Penalties
### Against All Parties

49. Plaintiff incorporates by reference paragraphs 1 to 18 of the complaint.

50. The PAGA allegations relate to work off the clock, meal and rest break violations, wage statement violations, and waiting time penalty violations.

51. The PAGA penalties for the minimum wage violations are contained in Labor Code 1197.1.

52. The PAGA penalties for overtime violations are contained in Labor Code 558 and 2699.

53. The PAGA penalties for meal break violations are contained in Labor Code 558 and 2699.

54. The PAGA penalties for rest break violations are contained in Labor Code 2699.

55. The PAGA penalties for the wage statement violations are contained in Labor Code 226.3.

56. The PAGA penalties for waiting time penalty violations are in Labor Code 210 and 2699.

57. Further, attorney fees and costs apply under Labor Code section 2699(g).

PRAYER

For All Causes of Action

1. That the court determine that this action may be maintained as a class action
2. That Plaintiffs serve as representatives of the class
3. That Counsel for Plaintiffs is appointed as class counsel

First Cause of Action

1. Payment of all unpaid wages
2. Interest
3. Attorney fees
4. Other relief the court deems proper

Second Cause of Action

1. Payment of overtime

2. Interest

3. Attorney fees

4. Other relief the court deems proper

Third Cause of Action

1. Premium pay at the correct regular rate of pay plus interest

2. Other relief the court deems proper

Fourth Cause of Action

1. Premium pay at the correct regular rate of pay plus interest

2. Other relief the court deems proper

Fifth Cause of Action

1. Wage statement penalties

2. Attorney fees and costs

3. Other relief the court deems proper

Sixth Cause of Action

1. Waiting time penalties

Seventh Cause of Action

1. Restitution of unpaid wages and premium pay

2. Attorney fees

3. Other relief the court deems proper

///

///

Eighth Cause of Action

1. All applicable PAGA penalties

2. Attorney fees and costs

3. Other relief the court deems proper

Date:   February 20, 2024                    FRONTIER LAW CENTER

*/s/ Adam Rose*
Attorney for Plaintiff
Kyle Roberts